UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY OSOWSKI,  Case No. 25-CV-725

    Plaintiff,

v.

MICHAEL R. BAXTER, et al.,

    Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

**I.    INTRODUCTION**

    Defendants, Michael R. Baxter and Edmond R. Baxter (hereinafter collectively "Defendants"), by their attorneys, Levine Law, LLC, represented by Jonathan J. Cattey, as and for their Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1391, state that the case was filed in an improper venue and therefore, should be dismissed. As can be seen in the facts alleged in the Complaint, the acts and omissions by the Defendants alleged by the Plaintiff, Timothy Osowski (hereinafter "Osowski"), all occurred in Iowa.

    The case generally involves Osowski hiring the Defendants to survey a boat in Iowa, and Osowski being unhappy with the condition of the boat upon receipt. He has alleged seven counts against the Defendants with Counts II through VII specifically referencing Wisconsin Statutes or Wisconsin Common Law. Count I ("Breach of Contract") is the only count that does not reference Wisconsin law.

    However, in reading the facts set forth in the Complaint, it is clear that the substantial part of the events and omissions alleged by Osowski all took place in Iowa. In fact, nearly every act or

omission alleged to have been committed by the Defendants occurred in Iowa. Wisconsin is simply the convenient venue for Osowski, who resides here.

Osowski has failed to allege any sufficient basis to establish that venue is proper in this court. As a result, the case should be dismissed with costs and reasonable attorney's fees for bringing this motion granted in favor of the Defendants.

## II. ARGUMENT

### a. The Eastern District of Wisconsin is an improper venue for this case, and therefore, the case should be dismissed.

In support of venue being proper in this court, Osowski relies upon 28 U.S.C. § 1391(b)(2), which requires that a "…substantial part of the events or omissions giving rise to the claim occurred…" in the District. (Compl. ¶5) In fact, Osowski states in his complaint that his basis for venue is that "a substantial part of the events or omissions giving rise to the claim occurred in this district." (Compl. ¶5)

Importantly, plaintiffs have the "obligation to institute the action in a permissible forum," and thus bear "the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

In determining whether a substantial part of the events giving rise to the claim occurred in a particular district, the court must focus on the activities of the defendant, not those of the plaintiff. *PKWare, Inc. v. Meade*, 79 F.Supp.2d 1007, 1015 (E.D.Wis.2000). Courts should also consider where the alleged breach occurred and where performance under the contract was to take place. *Id.* at 1017. To be considered "substantial," the events or omissions must have a close nexus to the claim. *Estate of Moore v. Dixon*, 460 F. Supp.2d 931, 936 (E.D. Wis.2006).

Courts may look beyond the allegations in the Complaint when deciding whether venue is appropriate. *Honest Abe Roofing Franchise, Inc. v. Lesjon Holdings, LLC,* 705 F. Supp.3d 872

(2023). However, the Court need look no further than the Complaint in this case to see that venue is improper under the facts of this case.

In bringing the case in this district, Osowski has the burden of establishing that venue is proper here. A plain reading of the Complaint shows that Osowski cannot meet that burden.

The most relevant facts in the Complaint for the purpose of establishing that venue is improper in Wisconsin are:

1. Defendants both reside in Iowa. (Compl. ¶2-3);

2. Osowski sought to purchase a boat he found that was located in Iowa. (Compl. ¶7);

3. Osowski was unable to travel to Iowa to view the boat. (Compl. ¶9);

4. Osowski wanted to retain a certified marine surveyor and searched through the databases of the National Association of Marine Surveyors and the Society of Accredited Marine Surveyors for such surveyors in Iowa. (Compl. ¶11);

5. Thereafter, Osowski reached out the Defendant, Michael R. Baxter, to hire him to survey the boat in Iowa. (Compl. ¶¶15-16);

6. Osowski signed the survey agreement prepared by Defendants and then returned it to them in Iowa. (Compl. ¶19);

7. On July 10, 2024, the Defendants conducted the survey of the boat while they were in Iowa. (Compl. ¶23);

8. Osowski then reviewed the survey report and decided to move forward with the purchase the boat that was, at that time, located in Iowa. (Compl. ¶31); and

9. Finally, Osowski hired a third-party to transport the boat from Iowa to Wisconsin, in which the Defendants played no role. (Compl. ¶34)

Based upon the facts above, Osowski cannot show that a *substantial* part of the relevant

events or omissions took place in Wisconsin, as the Defendants did conduct any acts or omissions in Wisconsin. The survey that is at the crux of the case was conducted in Iowa on a boat that stayed in Iowa until after the Defendants' work for Osowski was completed. Any breach, negligence or other act allegedly committed by the Defendants would have occurred in Iowa, and performance of the survey took place in Iowa as well. Therefore, venue is improper here, and the case should be dismissed with costs of this motion in favor of the Defendants.

## III. CONCLUSION

For the aforementioned reasons, the Court should dismiss the Complaint, while awarding costs and reasonable attorney's fees related to this motion to the Defendants and against the Plaintiff. The case should not have been filed in Wisconsin because a substantial portion of the events leading to this dispute occurred in Iowa.

Dated at Milwaukee, Wisconsin this 8th day of July, 2025.

LEVINE LAW, LLC
Attorneys for Defendants

By: /s/ Jonathan J. Cattey
Jonathan J. Cattey
State Bar No.: 01079322

**Mailing Address:**
630 North Broadway
Milwaukee, Wisconsin 53202
Phone: (414) 271-9585
Fax: (414) 271-8506

## CERTIFICATE REGARDING MEET AND CONFER

I hereby certify that on Wednesday July 2, 2025 at 11:00 a.m., both plaintiff and defense counsel met and conferred via telephone re this motion and its potential filing. After discussing the competing positions about venue, plaintiff's counsel advised on July 3, 2025 via e-mail that the Plaintiff was not willing to stipulate to transferring venue to Iowa, which had been proposed by defense counsel as a way to avoid filing this motion.

By: /s/ Jonathan J. Cattey  
Jonathan J. Cattey  
State Bar No.: 01079322

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on July 8, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: /s/ Jonathan J. Cattey  
Jonathan J. Cattey  
State Bar No.: 01079322