UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY OSOWSKI,                                                                Case No. 25-CV-725

        Plaintiff,

v.

MICHAEL R. BAXTER, et al.,

        Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.      INTRODUCTION**

Defendants, Michael R. Baxter and Edmond R. Baxter (hereinafter collectively, "Defendants"), by their attorneys, Levine Law, LLC, represented by Jonathan J. Cattey, as for their Reply in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1391, state that this case was filed in an improper venue and therefore should be dismissed. Plaintiff's Response to Defendant's Motion to Dismiss does not adequately further their claims that these proceedings are appropriate in the Eastern District of Wisconsin. As seen in the facts alleged in the Complaint, the acts and omissions by the Defendants alleged by the Plaintiff, Timothy Osowski (hereinafter, "Plaintiff"), all occurred outside of Wisconsin, in Iowa.

**II.     ARGUMENT**

Venue statutes are intended to prevent litigation in a forum that is either inconvenient to the defendant or unfair because the forum lacks sufficient connection with the events giving rise to the claim. *Stickland v. Trion Grp., Inc.*, 463 F.Supp.2d 921, 924 (E.D. Wis. 2006). As stated by Plaintiff, whether venue is proper is governed by 28 U.S.C. §1391 which states venue is proper

[1]

when (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the Court's personal jurisdiction. Here, the third prong does not apply and rather the Court should focus on the second prong which supports Defendant's argument that the Eastern District of Wisconsin is the improper venue; the Defendants reside in Iowa and a substantial amount of their conduct, as outlined in the Complaint, which gave rise to these claims, occurred in Iowa.

The district court must focus on the activities of the defendant, not the plaintiff when determining whether a substantial part of the events giving rise to the claim occurred in a particular district. *PKWare, Inc. v. Meade*, F. Supp.2d 1007, 1015 (E.D. Wis.2000). There is no doubt that the events giving rise to this action took place in Iowa, not Wisconsin. While the Plaintiff in their response focuses heavily on caselaw following *PKWare*, these arguments do not change the fact that to be considered "substantial," the events must have a close nexus to the claim. *Estate of Moore v. Dixon*, 460 F.Supp.2d 931, 936 (E.D. Wis. 2006). Plaintiff points to communications via telephone but this does not change the fact that all the alleged acts or omissions by the Defendant were committed in Iowa, making them substantial as they are as close to the claims themselves as possible. *Id*. In fact most of those telephone calls were initiated by the Plaintiff while the Defendant was in Iowa at all relevant times. The Defendant at no point sought out any work in Wisconsin nor did they take any action in Wisconsin. As such, venue in Wisconsin is improper.

As stated in Defendant's Brief in Support of Motion to Dismiss, throughout the Plaintiff's Complaint, the Complaint states at least eleven different allegations that show a *substantial* part of the relevant facts that gave rise to these claims took place in Iowa, not Wisconsin. The boat

was in Iowa, the survey was conducted in Iowa, and the boat remained in Iowa until all work by the Defendants was completed. Any alleged negligence or beach on the Defendant's behalf would have been committed in Iowa.

Based on the facts above and the facts stated in Defendant's Motion from the Complaint, it cannot be said that a *Substantial*, part of the relevant events or omissions took place in Wisconsin as all of Defendant's work was done in Iowa. The survey done on the boat that led to Plaintiff's claims was conducted in Iowa and the boat remained in Iowa until a transport company was hired, having no connection to the Defendants or these claims. Any breach, negligence, or other alleged act by the Defendants would have occurred in Iowa.

As such, venue in Wisconsin is improper and this Court should dismiss Plaintiff's case with costs of this Defendant's Motion and Reply in favor of the Defendants.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint, while awarding costs and reasonable attorney fees related to these proceedings to the Defendant and against the Plaintiff. This case should not have been filed in the Eastern District of Wisconsin because a substantial portion of the events leading to this dispute occurred in Iowa.

Dated at Milwaukee, Wisconsin this 12th day of August 2025.

        LEVINE LAW, LLC
        Attorneys for Defendants

        By: */s/ Jonanthan J. Cattey*
        Jonathan J. Cattey
        State Bar No.: 01079322

**Mailing Address**
630 N Broadway
Milwaukee, Wisconsin 53202

[3]

Case 2:25-cv-00725-NJ    Filed 08/12/25    Page 3 of 4    Document 16

Phone: (414) 271-9585
Fax: (414) 271-8506

## CERTTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on August 12, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: */s/ Jonathan J. Cattey*
Jonathan J. Cattey
State Bar No.: 01079322

[4]