# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY OSOWSKI,

    Plaintiff,

  v.                                    Case No. 25-CV-725

MICHAEL R. BAXTER and
EDMOND R. BAXTER,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS'
## MOTION TO DISMISS COMPLAINT

Timothy Osowski, who lives in Wisconsin, sought to purchase a boat located in Iowa. Osowski retained Michael Baxter, a local certified marine surveyor, to inspect the boat. Relying on Michael's positive inspection report, Osowski purchased the boat. After receiving the boat, however, Osowski observed some defects and later learned that Michael's son, Edmond Baxter, an uncertified trainee, conducted the inspection without Michael's supervision. Osowski asserts that the boat has numerous defects the Baxters failed to disclose in their inspection report. Osowski now sues the Baxters for breach of contract, negligence, and misrepresentation under Wisconsin law.

The Baxters, who reside in Iowa, move to dismiss Osowski's complaint based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Osowski argues that venue is proper in the Eastern District of Wisconsin. For the reasons further explained below, the Baxters' motion to dismiss (Docket # 13) is denied.

## BACKGROUND

In July 2024, Osowski was interested in purchasing a 2006 34' Sea Ray Sundancer boat located in Iowa. (Compl. ¶ 7, Docket # 1.) Osowski intended to have the boat surveyed by a licensed professional to ensure that it was in good working order and free from significant defects. (*Id.* ¶ 8.) Osowski, however, resides in Port Washington, Wisconsin, and was unable to travel to Iowa to view the boat in person. (*Id.* ¶ 9.) Thus, he sought to retain an experienced and reputable local surveyor to inspect the boat prior to purchase. (*Id.* ¶ 10.)

Osowski searched multiple databases of certified marine surveyors, including databases available through The National Association of Marine Surveyors ("NAMS") and The Society of Accredited Marine Surveyors ("SAMS"). (*Id.* ¶ 11.) Osowski found the name of Michael Baxter, a marine surveyor certified through NAMS since 1988. (*Id.* ¶ 12.) Michael's NAMS profile stated that he accepts assignments involving cargo, commercial fishing vessels, container loads, marina facilities, salvage, yachts, and small craft, noting that he is especially certified in hull and machinery assignments. (*Id.* ¶¶ 13–14.)

Osowski contacted Michael to hire him to survey the boat. (*Id.* ¶ 15.) Michael sent Osowski a Vessel Survey Agreement to review and sign to formally retain his services. (*Id.* ¶ 16.) The agreement sent to Osowski was on the letterhead of U.S. Inland Marine Surveying, Inc., with Michael R. Baxter's name listed at the top; however, Osowski asserts that "U.S. Inland Marine Surveying, Inc." is not a registered business but a trade name used by Michael in the course of operating his business as a sole proprietorship. (*Id.* ¶ 18.)

Osowski reviewed and signed the Agreement while in Wisconsin and returned it to Michael in Iowa. (*Id.* ¶ 19.) During communications with Osowski, Michael stated that his son, Edmond, would be assisting him with the inspection. (*Id.* ¶ 20.) Osowski alleges,

2

however, that at no point did Michael make clear that he would not be present at the time of the survey. (*Id.* ¶ 21.) Thus, Osowski asserts that he had no objection to Edmond participating in the survey. (*Id.* ¶ 22.)

Osowski alleges that on July 10, 2024, only Edmond surveyed the boat; Michael was not present during the survey and did not notify Osowski that Edmond, a trainee, would be conducting the survey alone. (*Id.* ¶ 24.) Following the survey, the Baxters completed a report and sent it to Osowski. (*Id.* ¶ 25.) The report indicated that the estimated present-day market value of the boat was $127,689.00 and made no mention of any significant damage to the boat. (*Id.* ¶¶ 27–28.) Rather, the report stated that the boat was in good working order and fit for purchase. (*Id.* ¶ 29.) Osowski alleges that Michael signed the report, thereby attesting to its accuracy. (*Id.* ¶ 30.)

Osowski alleges that after thoroughly reviewing the Baxters' report, he decided to purchase the boat and closed on the purchase from a third party on July 15, 2024. (*Id.* ¶¶ 31–32.) Osowski purchased the boat for $75,000.00, which he believed to be an excellent price based on the valuation and condition of the boat described in the report. (*Id.* ¶ 33.) Osowski hired a third party to transport the boat from Iowa to Wisconsin and upon arrival, Osowski observed numerous defects on the boat that were not stated in the Baxters' report, including significant and conspicuous hull damage and electrical issues with the helm control panel. (*Id.* ¶¶ 34–35.)

Concerned with his initial observations, Osowski alleges that he had the boat surveyed by a certified marine surveyor located in Wisconsin, who noted a litany of issues with and inaccuracies contained in the Baxters' report, including: incorrect calculation of the boat's valuation, incorrect calculation of the boat's replacement cost, failure to make

accurate recommendations for care and/or repairs, inaccurate description of the hull, failure to note visible damage to the hull, failure to note visible low-grade previous repairs made to the hull, failure to disclose certain engine diagnostics, failure to fully investigate the batteries, and failure to read the indicator and report that the waste holding tank was over capacity. (*Id.* ¶¶ 36–37.) The Wisconsin surveyor concluded that the boat was in an overall poor condition with mold, mildew, staining, and sewage odor from the overflowed waste holding tank throughout the boat and that the Baxters' report did not accurately represent the boat or its equipment. (*Id.* ¶ 39.)

Osowski alleges that he has been unable to use and enjoy the boat since its July 2024 purchase and has suffered damages currently estimated to be at least $93,679.26 as a result of the Baxters' misrepresentations, acts, and/or omissions. (*Id.* ¶¶ 43–44.)

## STANDARD OF REVIEW

The Baxters move to dismiss Osowski's complaint based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The federal venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in the following judicial districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it

does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* When considering a motion to dismiss under Rule 12(b)(3), the court "may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808 (7th Cir. 2016). Further, while the court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint when considering a motion to dismiss, this rule is "less absolute when considering a motion to dismiss under Federal Rule 12(b)(3)." *Id.* at 809. Rather, on such motions, the court "assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits." *Id.* (emphasis in original). Once a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper in the chosen district. *Robillard v. Knutson*, No. 24-CV-1077, 2025 WL 1895986, at *4 (E.D. Wis. July 9, 2025).

## ANALYSIS

Osowski sues the Baxters for misrepresentation and fraud, negligence, and breach of contract. Osowski argues venue is proper in the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to his claims occurred in this district, invoking § 1391(b)(2). The Baxters argue that venue is improper in this district because any alleged breach of contract, negligence, or other act allegedly committed by the Baxters occurred in Iowa, where performance of the survey took place. (Docket # 14 at 3–4.)

Venue may be proper in more than one district so long as a "substantial part" of the key events or omissions occurred in the district. *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000). The "substantial part" test focuses not on the defendant's contacts with the forum, but on the location of the events giving rise to the cause of action. *Sarantakis*

*v. Gruttadauria*, No. 02 C 1609, 2003 WL 1338087, at *7 (N.D. Ill. Mar. 17, 2003). The Baxters argue, citing a twenty-five-year-old decision from this district as support, that the court must focus solely on the defendants' activities, not the plaintiff's, in evaluating venue. (Docket # 14 at 2, citing *PKWare*, 79 F. Supp. 2d at 1015.) While the *PKWare* court indeed states that the court's focus should be on the activities of the defendants and not the plaintiffs, *see* 79 F. Supp. 2d at 1016, a July 2025 decision from this district called the *PKWare*'s statement into question, *Robillard*, 2025 WL 1895986, at *5 n.5.

In *Robillard*, the court noted that the *PKWare* court relied on an Eighth Circuit case in support of this statement that is against the greater weight of authority, *id.*, with the greater weight of authority taking a more holistic view of the acts underlying a claim, *see Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002). Specifically, these courts consider "of all the events that form the 'historical predicate' for the suit and that have a 'close nexus' to the claim to determine whether venue is proper in a given district." *Robillard*, 2025 WL 1895986, at *5 (internal citation omitted). While the Seventh Circuit has not addressed this issue, I agree with the reasoning of those district courts in this circuit adopting the majority view of a holistic approach. *See Smith*, 181 F. Supp. 2d at 914.

    1.    *Misrepresentation and Fraud Claims (Counts II, III, IV, V, and VI)*

Osowski sues Michael for intentional misrepresentation under Wisconsin's Deceptive Trade Practices statute, Wis. Stat. § 100.18; for theft-by-fraud in violation of Wis. Stat. §§ 895.446 and 943.20(1)(d); and for intentional misrepresentation, strict responsbility misrepresentation, and negligent misrepresentation under Wisconsin common law. Underlying each claim of misrepresentation or fraud are allegations that the defendants made false, misleading, and untrue statements regarding the Vessel Survey Agreement, the

6

Case 2:25-cv-00725-NJ    Filed 09/05/25    Page 6 of 11    Document 17

survey itself, and the survey report, including that Michael Baxter would personally survey the boat in accordance with acceptable industry standards and would accurately report the condition and the value of the boat. (Compl. ¶¶ 51, 57, 64, 69, 74.) Osowski alleges that Michael made these false statements for the purpose of deceiving him and inducing Osowski to act, which he did, to his detriment. (*Id.* ¶¶ 53–55, 58–61, 65–67, 70–72, 75–77.)

The entirety of the parties' interactions during the relevant timeframe occurred via email, telephone call, and text message. (Affidavit of Timothy Osowski ("Osowski Aff.") ¶¶ 8–20, Docket # 15-1.) Osowski's communications originated in Wisconsin and were received in Iowa, while the Baxters' communications originated in Iowa and were received in Wisconsin. Thus, the crux of the parties' disagreement concerns which actions are most relevant to the venue analysis—the defendants' communication of the alleged misrepresentation or the plaintiff's receipt of the alleged misrepresentation. The Baxters argue, focusing entirely on the defendants' activities, that there "is no doubt that the events giving rise to this action took place in Iowa, not Wisconsin," as they neither sought out any work in Wisconsin nor took any action in Wisconsin. (Docket # 16 at 2–3.)

Again, the focus in assessing venue is not solely on the defendants' activities; rather, the "substantiality" of the events is determined by assessing the overall nature of the plaintiff's claims and the nature of the events or omissions in the forum district. *Est. of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006). Under Wisconsin law, while each cause of action for misrepresentation or fraud requires the defendant to make a false or untrue representation, a necessary element of each claim is that the plaintiff relied on the false representation to his detriment. *See K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2007 WI 70, ¶ 19, 301 Wis. 2d 109, 121–22, 732 N.W.2d 792, 798–99 (for Wis. Stat. §

100.18 claim); *Malzewski v. Rapkin*, 2006 WI App 183, ¶¶ 17, 19–21, 296 Wis. 2d 98, 111–14, 723 N.W.2d 156, 162–63 (for intentional misrepresentation, strict responsbility misrepresentation, negligent misrepresentation, and theft-by-fraud claims). In other words, although the defendant may have made the false representation, it is the plaintiff's reliance and the alleged detrimental effects of that reliance at the heart of such fraud claims. *See Hispec Wheel & Tire, Inc. v. Tredit Tire & Wheel Co.*, No. 3:04-CV-340RM, 2005 WL 1983846, at *7 (N.D. Ind. Aug. 11, 2005). Thus, because the plaintiff's detrimental reliance on the false representation is "indispensable to a valid fraud claim," *see id.*, numerous courts in this circuit have concluded that venue "is proper in the district to which a document containing the misrepresentation at issue was sent," *Dixon*, 460 F. Supp. 2d at 936 (internal quotation and citations omitted); *see also Sarantakis*, 2003 WL 1338087, at *7 ("Telephone conversations and correspondence can support venue under § 1391(b)(2) depending on the nature of the contacts and their relationship to the claim.").

In this case, Osowski alleges the Baxters made misrepresentations in the Vessel Survey Agreement and the survey report. The Baxters sent the Agreement to Osowski in Wisconsin and Osowski signed the Agreement in Wisconsin. (Osowski Aff. ¶¶ 10–11; Ex. C.) Edmond contacted Osowski in Wisconsin during the inspection and allegedly made false statements regarding the condition of the boat. (*Id.* ¶¶ 14–16, Ex. B, E.) The Baxters sent Osowski a copy of the survey report to his email in Wisconsin. (*Id.* ¶ 19, Ex. F.) And Osowski paid the Baxters' survey fee from his Wisconsin bank account. (*Id.* ¶ 20.) Thus, a substantial portion of the events giving rise to Osowski's misrepresentation and fraud claims against the Baxters occurred in Wisconsin. For this reason, venue is proper in this district under § 1391(b)(2).

### 2. Breach of Contract Claim (Count I)

Osowski alleges that the Vessel Survey Agreement is a binding contract that Michael Baxter breached by failing to personally attend the survey, by failing to supervise his son, by signing a report he did not author, and by inaccurately representing the condition and value of the boat, among other things. (Compl. ¶¶ 47–48.)

In evaluating venue in breach of contract cases, courts take a number of factors into consideration, including "where the conduct underlying the breach occurred and where performance under the contract was to take place," and whether there was "[f]ailure to make payment in a district pursuant to a contract." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015) (internal quotation and citation omitted). Additionally, courts have found that where the underlying events are "essentially communications made by two parties located in separate districts," the requirements of § 1391(b)(2) may be satisfied "by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." *Imperial Crane Servs., Inc. v. Cloverdale Equip. Co.*, No. 13 C 04750, 2013 WL 5904527, at *3 (N.D. Ill. Nov. 4, 2013) (internal quotation and citation omitted); *see also Schwarz v. Sellers Markets, Inc.*, 812 F. Supp. 2d 932, 939–40 (N.D. Ill. 2011) (finding that numerous email and telephone communications, as well as contract documents, being directed to plaintiff at his home in the Northern District of Illinois, was "more than sufficient to establish venue" in that district under § 1391(b)(2)).

In this case, Osowski avers that he received the contract at issue, reviewed it, and signed it, in his home in Wisconsin. (Osowski Aff. ¶ 11.) The Baxters communicated the results of the survey via email, telephone, and text message to Osowski in Wisconsin. (*Id.*

¶ 17.) The Baxters sent Osowski a copy of the survey report in Wisconsin and Osowski paid the Baxters for their work from his bank account in Wisconsin. (*Id.* ¶¶ 19–20.) While the survey itself was performed in Iowa, the subsequent false communications and inaccurate information included in the survey report are the events that underly Osowski's breach of contract claim. (Compl. ¶ 48.) And these communications, as well as the relevant documents (i.e., the contract itself and the survey report), were directed at Osowski in his home in the Eastern District of Wisconsin. For these reasons, venue is proper in this district under § 1391(b)(2).

    3.    *Negligence Claim (Count VII)*

Finally, Osowski brings a common law negligence claim against both Michael and Edmond Baxter. He alleges the Baxters failed to survey the boat in accordance with industry standards, failed to accurately report the boat's condition, overlooked conspicuous damage and defects on the boat, inaccurately calculated the boat's value and fitness for purchase, and Michael failed to adequately supervise Edmond during the survey. (Compl. ¶ 80.) A negligence claim under Wisconsin common law requires a plaintiff to prove four elements—(1) the existence of a duty of care on the part of the defendant; (2) a breach of that duty of care; (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury; and (4) actual loss or damage resulting from the breach. *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 23, 291 Wis. 2d 283, 302, 717 N.W.2d 17, 26–27.

While Osowski alleges, similar to the misrepresentation claims above, that the Baxters breached their duty of care by reporting inaccuracies in the survey report that was delivered to Osowski in Wisconsin (Compl. ¶ 80), the crux of the alleged negligence occurred in Iowa, i.e., Michael failed to supervise Edmond during the survey; Edmond

conducted the survey without supervision; and both Baxters failed to survey the boat in accordance with industry standards (*id.*). However, even assuming venue is more proper in Iowa as to Osowski's common law negligence claim, the claim need not be dismissed. Under the doctrine of pendent venue, "a claim that is not properly venued standing alone can still be heard by a court as long as another properly venued claim arising out of a common nucleus of operative facts is also brought at the same time in the same district." *See Pacer Glob. Logistics, Inc. v. Nat'l Passenger R.R. Corp.*, 272 F. Supp. 2d 784, 789 (E.D. Wis. 2003). Osowski's common law negligence claim undoubtedly arises from the same nucleus of operative facts as the properly venued misrepresentation and breach of contract claims. For this reason, Osowski's common law negligence claim is also properly venued in this district.

## CONCLUSION

The Baxters move to dismiss Osowski's complaint pursuant to Fed. R. Civ. P. 12(b)(3) on the grounds that venue is improper in the Eastern District of Wisconsin. I find Osowski's complaint is properly venued in this district. For this reason, the Baxters' motion to dismiss for improper venue is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendants' motion to dismiss (Docket # 13) is **DENIED**.

Dated at Milwaukee, Wisconsin this 5th day of September, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge