UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY OSOWSKI,

    Plaintiff,

  v.                                                             Case No. 25-CV-725

MICHAEL R. BAXTER, EDMOND R. BAXTER,
and U.S. INLAND MARINE SURVEYING, INC.,

    Defendants.

---

## DECISION AND ORDER ON DEFENDANT MICHAEL BAXTER'S MOTION TO DISMISS

---

Timothy Osowski sues Michael Baxter ("Michael"), Edmond ("Edmond") Baxter, and U.S. Inland Marine Surveying, Inc. ("Inland Marine") for breach of contract, negligence, and misrepresentation under Wisconsin law stemming from Osowski's July 2024 purchase of a 2006 34' Sea Ray Sundancer boat. (Am. Compl., Docket # 31.) Michael moves to dismiss the breach of contract claim asserted against him in his personal capacity (Count I) pursuant to Fed. R. Civ. P. 12(b)(6), arguing that he signed the contract only as a corporate representative of Inland Marine. Michael further moves to dismiss Osowski's statutory and common law fraud and misrepresentation claims (Count III–V) on the grounds that they fail to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). (Docket # 33.) For the reasons further explained below, Michael's motion to dismiss is denied.

## BACKGROUND

In July 2024, Osowski was interested in purchasing a 2006 34' Sea Ray Sundancer boat located in Iowa. (Am. Compl. ¶ 8.) Osowski intended to have the boat surveyed by a licensed professional to ensure that it was in good working order and free from significant defects. (*Id.* ¶ 9.) Osowski, however, resides in Port Washington, Wisconsin, and was unable to travel to Iowa to view the boat in person. (*Id.* ¶ 10.) Thus, he sought to retain an experienced and reputable local surveyor to inspect the boat prior to purchase. (*Id.* ¶ 11.)

Osowski searched multiple databases of certified marine surveyors, including databases available through The National Association of Marine Surveyors ("NAMS") and The Society of Accredited Marine Surveyors ("SAMS"). (*Id.* ¶ 12.) Osowski found the name of Michael Baxter, a marine surveyor certified through NAMS since 1988. (*Id.* ¶ 13.) Michael's NAMS profile stated that he accepts assignments involving cargo, commercial fishing vessels, container loads, marina facilities, salvage, yachts, and small craft, noting that he is especially certified in hull and machinery assignments. (*Id.* ¶¶ 14–15.)

Osowski contacted Michael to hire him to survey the boat. (*Id.* ¶ 16.) Michael sent Osowski a Vessel Survey Agreement to review and sign to formally retain his services. (*Id.* ¶ 17.) The Agreement sent to Osowski was on the letterhead of U.S. Inland Marine Surveying, Inc., with Michael R. Baxter's name listed at the top; however, Osowski asserts that "U.S. Inland Marine Surveying, Inc." is not a registered business but a trade name used by Michael in the course of operating his business as a sole proprietorship. (*Id.* ¶ 18–19.) The agreement was signed by Michael as follows:

*Michael R. Baxter* (signature)

Michael R. Baxter, NAMS-CMS
U.S. Inland Marine Surveying, Inc.

(Declaration of Michael R. Baxter ¶ 3, Ex. 1, Docket # 35-1.)[1]

Osowski reviewed and signed the Agreement and returned it to Michael. (Am. Compl. ¶ 20.) During communications with Osowski, Michael stated that his son, Edmond, would be assisting him with the inspection. (*Id.* ¶ 21.) Osowski alleges, however, that at no point did Michael make clear that he would not be present at the time of the survey. (*Id.* ¶ 22.) Thus, Osowski asserts that he had no objection to Edmond participating in the survey. (*Id.* ¶ 23.)

Osowski alleges that on July 10, 2024, only Edmond surveyed the boat; Michael was not present during the survey and did not notify Osowski that Edmond, a trainee, would be conducting the survey alone. (*Id.* ¶¶ 24–25.) Following the survey, the Baxters completed a report and sent it to Osowski. (*Id.* ¶ 26.) The report indicated that the estimated present-day market value of the boat was $127,689.00 and made no mention of any significant damage to the boat. (*Id.* ¶¶ 28–29.) Rather, the report stated that the boat was in good working order and fit for purchase. (*Id.* ¶ 30.) Osowski alleges that Michael signed the report, thereby attesting to its accuracy. (*Id.* ¶ 31.)

---

[1] Baxter includes a copy of the Vessel Survey Agreement with his motion to dismiss filing. It is well-settled that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "Such documents may be considered by a district court in ruling on the motion to dismiss." *Id.* The Vessel Survey Agreement comfortably fits this exception.

Osowski alleges that after thoroughly reviewing the Baxters' report, he decided to purchase the boat and closed on the purchase from a third party on July 15, 2024. (*Id.* ¶¶ 32–33.) Osowski purchased the boat for $75,000.00, which he believed to be an excellent price based on the valuation and condition of the boat described in the report. (*Id.* ¶ 34.) Osowski hired a third party to transport the boat from Iowa to Wisconsin and upon arrival, Osowski observed numerous defects on the boat that were not stated in the Baxters' report, including significant and conspicuous hull damage and electrical issues with the helm control panel. (*Id.* ¶¶ 35–36.)

Concerned with his initial observations, Osowski alleges that he had the boat surveyed by a certified marine surveyor located in Wisconsin, who noted a litany of issues with and inaccuracies contained in the Baxters' report, including: incorrect calculation of the boat's valuation, incorrect calculation of the boat's replacement cost, failure to make accurate recommendations for care and/or repairs, inaccurate description of the hull, failure to note visible damage to the hull, failure to note visible low-grade previous repairs made to the hull, failure to disclose certain engine diagnostics, failure to fully investigate the batteries, and failure to read the indicator and report that the waste holding tank was over capacity. (*Id.* ¶¶ 37–38.) The Wisconsin surveyor concluded that the boat was in an overall poor condition with mold, mildew, staining, and sewage odor from the overflowed waste holding tank throughout the boat and that the Baxters' report did not accurately represent the boat or its equipment. (*Id.* ¶ 40.)

Osowski alleges that he has been unable to use and enjoy the boat since its July 2024 purchase and has suffered damages currently estimated to be at least $105,050.64 as a result of the defendants' misrepresentations, acts, and/or omissions. (*Id.* ¶¶ 43–45.) Osowski sues

Michael in Count One for breach of contract, alleging that the Vessel Survey Agreement was a binding agreement between the parties and Michael breached the Agreement by failing to attend the survey; by failing to supervise his son and trainee, Edmond; by signing a report that he did not author; by inaccurately representing the condition of the Vessel; and by inaccurately valuing the Vessel, among other things. (*Id.* ¶¶ 48–49.) In Count Two, Osowski alternatively sues Inland Marine for breach of contract, alleging that Osowski and Inland Marine entered into the Vessel Survey Agreement and that Inland Marine breached the Agreement. (*Id.* ¶¶ 52–53.)

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the

court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

A party alleging fraud or mistake "must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, "a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). Under Rule 9(b), "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## ANALYSIS

Michael moves to dismiss Counts I, III, IV, and V of Osowski's Amended Complaint. I will address each argument in turn.

   1.   *Breach of Contract Against Michael in His Personal Capacity (Count I)*

Michael argues that Osowski's breach of contract claim against him individually fails as a matter of law because Michael did not sign the Agreement in his personal capacity but

6

Case 2:25-cv-00725-NJ    Filed 02/10/26    Page 6 of 13    Document 43

as a representative of Inland Marine. (Docket # 34 at 1.) Michael asserts that Osowski "tacitly concedes" this by alternatively pleading breach of contract against Inland Marine in Count II. (*Id.*) Osowski counters, however, that alternative pleading is expressly permitted by the federal rules and does not "tacitly concede" anything; he further argues that these claims were alternatively pleaded because the Agreement is ambiguous as to whether Michael signed as an individual or as a representative acting on behalf of a corporate principal. (Docket # 38 at 6–9.)

Under Wisconsin law and the general rules of agency, "unless otherwise agreed, an authorized agent for a disclosed principal does not become a party to a contract and is thus not personally liable to the other contracting party." *Theuerkauf v. Sutton*, 102 Wis. 2d 176, 187–88, 306 N.W.2d 651, 659 (1981). For this to be true, however, the principal must be disclosed. As the Wisconsin Supreme Court explains:

> Under common law agency principles . . . an agent will be considered a party to the contract and held liable for its breach where the principal is only partially disclosed. A principal is considered partially disclosed where, at the time of contracting, the other party has notice that the agent is acting for a principal but has no notice of the principal's corporate or other business organization identity.

*Benjamin Plumbing, Inc. v. Barnes*, 162 Wis. 2d 837, 848–49, 470 N.W.2d 888, 893 (1991). Stated differently, an agent is liable where the contracting party is unaware of the principal's corporate status. *Id.* at 850, 470 N.W.2d at 894. A contracting party is generally said to have notice of the identity of the principal if "he knows, has reason to know, or should know of it, or has been given a notification of the fact." *Id.* at 852, 470 N.W.2d at 894. The Wisconsin Supreme Court stated that whether the contracting party has sufficient notice of the principal's corporate identity is a question of fact, requiring the fact-finder to consider

such facts as the "acts and circumstances surrounding the transaction until the time of contracting." *Id.*

Whether Osowski had actual or constructive notice of the principal's corporate identity cannot be determined on a motion to dismiss in this case. Osowski alleges that while the Agreement was on the letterhead of "U.S. Inland Marine Surveying, Inc.," there was no business registration for this entity and thus Osowski believed that this was a trade name used by Michael in the course of operating as a sole proprietorship. (Am. Compl. ¶¶ 18–19.) Furthermore, as reproduced above, Michael's signature on the Agreement contains his name, with Inland Marine's name underneath it. (Docket # 35-1 at 10.) It does not state he is signing "on behalf of" Inland Marine, or as a representative of Inland Marine, or anything of that nature that would allow a finding, as a matter of law, that Michael is not personally liable on the contract. And Osowski's alternative pleading is not tantamount to an admission. Fed. R. Civ. P. 8(d) clearly provides for the pleading of alternative claims, regardless of consistency. Such alternative pleadings are frequently done, especially in a case such as this where the plaintiff raises an issue regarding notice of corporate identity. Thus, Michael's motion to dismiss Count I is denied.

    2.    *Statutory and Common Law Fraud and Misrepresentation Claims (Counts III–V)*

Osowski sues Michael for intentional misrepresentation under Wisconsin's Deceptive Trade Practices Act ("DTPA"), Wis. Stat. § 100.18 (Count III), for theft-by-fraud in violation of Wis. Stat. §§ 895.446 and 943.20(1)(d) (Count IV), and for intentional misrepresentation under Wisconsin common law (Count V). Michael argues that these claims must be dismissed because Osowski failed to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). (Docket # 34 at 5–7.)

8

Case 2:25-cv-00725-NJ    Filed 02/10/26    Page 8 of 13    Document 43

As an initial matter, I agree with the court's reasoning in *Green v. Olympus Grp., Inc.*, 780 F. Supp. 3d 799 (E.D. Wis. 2025) that Rule 9(b) does not apply to a claim for violation of Wisconsin's DTPA. *Id.* at 803–04. In *Green*, the court noted that in *Hinrichs v. DOW Chem. Co.*, 2020 WI 2, 389 Wis. 2d 669, 937 N.W.2d 37, the Wisconsin Supreme Court held that Wisconsin's own heightened pleading standard for fraud does not apply to § 100.18. *Id.* The court found that while federal pleading standards apply to state law claims in federal court, given the Wisconsin Supreme Court's conclusion that a § 100.18 claim does not involve fraud, "it would at least violate the spirit of comity and respect that federal courts ordinarily afford state courts to hold, contrary to *Hinrichs*, that a § 100.18 claim is one for fraud that must be pleaded with particularity." *Id.* at 804. Thus, Michael's motion to dismiss as to Count III is denied.[2]

As to Counts IV and V, Michael acknowledges that Osowski has adequately pleaded the "who" and "what" of the fraud; he argues Osowski has failed to properly plead the "when," "where," and "how." (Docket # 34 at 6–7.) As to the "when," Michael argues that the amended complaint's allegations are unacceptably vague, stating only that the fraud occurred "during communications with Plaintiff" and "during the solicitation and negotiation of the Vessel Survey Agreement." (*Id.* at 6, citing Am. Compl. ¶¶ 21, 58.) Michael argues that Rule 9(b) requires more than a general time frame, such as dates of the specific phone calls, emails, or other communications when the representations were made. (*Id.*) I disagree. The amended complaint covers a relatively short time-frame in July 2024. Osowski alleges he was interested in purchasing the boat in and around July 2024. (Am.

---

[2] I note that while this Court previously held that Wis. Stat. § 100.18 sounded in fraud and thus needed to be pleaded with particularity under Rule 9(b), *Kisting v. Gregg Appliances, Inc.*, No. 16-CV-141, 2016 WL 5875007, at *5 (E.D. Wis. Oct. 7, 2016), this case relied on Wisconsin law predating the Wisconsin Supreme Court's decision in *Hinrichs*.

9

Case 2:25-cv-00725-NJ   Filed 02/10/26   Page 9 of 13   Document 43

Compl. ¶ 8.) Osowski contacted Michael and hired him to complete the boat survey, which was conducted on July 10, 2024. (*Id.* ¶ 24). Osowski purchased the boat on July 15, 2024. (*Id.* ¶ 33.)

In Counts IV and V, Osowski alleges that Michael made false, misleading, and untrue statements regarding the Agreement, survey, and Report, and did so with the intent to deceive and induce Osowski to act on them. (*Id.* ¶¶ 62–63, 69–70.) Osowski alleges that he relied upon Michael's false statements to his detriment when he entered into the Vessel Survey Agreement. (*Id.* ¶¶ 65, 71.) In other words, these misrepresentations occurred during the first two weeks of July 2024. The Seventh Circuit has found that an allegation of fraud occurring "sometime in late August or early September 2003" was sufficient to satisfy the "when" of Rule 9(b). *See Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006); *see also Petrakopoulou v. DHR Int'l, Inc.*, 626 F. Supp. 2d 866, 870 (N.D. Ill. 2009) (finding that a party need not plead precise dates and times of the alleged misrepresentations; rather, the party should narrow the time frame to a reasonable period). Thus, I find that the amended complaint properly alleges when the fraud occurred under Rule 9(b).

As to the "where," Michael argues that the amended complaint is silent, failing to specify the forum of the alleged misrepresentations, such as by telephone, email, or through some other medium. (Docket # 34 at 6.) Michael points to no authority, however, requiring a plaintiff to plead the precise medium by which he received the alleged misrepresentations. Osowski alleges that Michael made misrepresentations regarding the inspection of the boat, the condition of the boat, and the value of the boat. (Am. Compl. ¶¶ 62, 69.) He further alleges that Michael "sent" Osowski the Vessel Survey Agreement (*id.* ¶ 17), "told" Osowski that Edmond would be assisting with the inspection (*id.* ¶ 21), and then "sent" the report to

Osowski (*id.* ¶ 26). Given that Michael is alleged to have participated in these communications, it is unnecessary for Osowski to specifically plead that they occurred via email, telephone, text message, or the U.S. Mail, to properly alert Michael to the "where" of the alleged fraud. As such, the amended complaint properly alleges the "where" of the fraud.

Michael also argues the amended complaint fails to set forth facts showing how the alleged statements were fraudulent when made. (Docket # 34 at 6.) But the amended complaint alleges that Osowski sought to retain an experienced and reputable surveyor and found Michael, who was a Certified Marine Surveyor through the National Association of Marine Surveyors since 1988. (Am. Compl. ¶¶ 11–13.) Osowski pleads that because the boat was out-of-state, the experience and reputation of the surveyor was important to his decision to purchase the boat. (*Id.* ¶¶ 10–11.) He pleads that although Michael told him Edmond, a trainee, would be "participating" in the survey, he was unaware that Edmond would conduct the survey independently. (*Id.* ¶¶ 21–26.) Osowski alleges that Michael's representations induced him to enter into the Vessel Survey Agreement. (*Id.* ¶¶ 63–64, 70–71.)

Osowski then pleads that only Edmond surveyed the boat and that the survey report made no mention of any significant damage to the boat, stating it was in good working order and fit for purchase, and had an estimated value of $127,689.00. (*Id.* ¶¶ 24–30.) Osowski asserts that Michael signed the report, attesting to its accuracy, despite never personally viewing the boat. (*Id.* ¶ 31.) Osowski then pleads that after retaining another certified marine surveyor in Wisconsin, he learned that the boat was inaccurately valued,

had significant damage, and was in poor condition overall. (*Id.* ¶¶ 36–40.) These facts clearly alert Michael to the "how" of the alleged fraud.

Finally, Michael argues the amended complaint fails to properly allege fraudulent intent. (Docket # 34 at 7.) Rule 9(b), however, permits "condition of mind" to be alleged generally. *Hefferman*, 467 F.3d at 602 (finding complaint sufficient that alleged defendant's participation in fraud and breach of fiduciary duty was knowing and intentional). The amended complaint alleges that Michael made the allegedly fraudulent representations "knowing that such representations were untrue, or recklessly, without caring whether they were true." (Am. Compl. ¶¶ 64, 70–71.) Osowski sufficiently pleads allegations of fraudulent intent.

For these reasons, Michael's motion to dismiss Counts III, IV, and V is denied.

## CONCLUSION

Michael Baxter moves to dismiss Counts I, III, IV, and V of Osowski's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) for failure to state a claim (Count I) and failing to plead with particularity (Counts III, IV, and V). I find Osowski properly pleads a breach of contract claim against Michael in his personal capacity and sufficiently alleges the "who, what, where, why, and how" of the fraud claims pleaded in Counts IV and V. Count III need not be pleaded with particularity. Thus, defendant's motion to dismiss is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (Docket # 33) is **DENIED**.

Dated at Milwaukee, Wisconsin this 10th day of February, 2026.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge